UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOANN GRAVINA, an individual; MICHAEL SIMMONS, an individual; JONATHAN SUPLER, an individual; JOHN WADE, an individual; CHANDELLE WHITNEY, an individual; and JOHN WHITNEY, an individual; on behalf of themselves and all others similarly situated,

          Plaintiffs,

vs.

CLIENT SERVICES, INC., a Missouri Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY CLIENT SERVICES, INC.,

          Defendants.

CASE NO.: 2:08-cv-03634-LDW-MLO

**FINAL ORDER**

---

It appearing to the Court that:

A.     On June 30, 2009, this Court entered an Amended Preliminary Approval Order which, among other things, certified this Action to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class co-counsel, preliminarily approved a proposed settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed settlement, and scheduled a hearing ("Final Hearing") for July 30, 2009, at 11:00 a.m. to consider any objections and to determine whether the

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

proposed settlement is fair, reasonable, and adequate;

B. A notice approved by the Court in the Amended Preliminary Approval Order and directed to members of the Settlement Class was published in accordance with that Order on July 2, 2009;

C. A total of one putative member of the proposed Settlement Class submitted to the Clerk of this Court a motion to object to the proposed settlement in the above-captioned matter; however, the objector did not submit valid reasons for his objection to the settlement although given the opportunity to do so;

D. In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement ("Stipulation") was provided to the Court with Plaintiffs' Motion seeking the entry of the Preliminary Approval Order;

E. In the Stipulation, Defendant, Client Services, Inc., consented to the entry of an injunction;

F. In accordance with the Preliminary Approval Order and Fed. R. Civ. P. 23(e)(2), counsel for the parties timely appeared for the Final Hearing and, after waiting more than one hour, neither objectors nor anyone else appeared, and the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and

G. The Court being duly advised in the premises, and for good cause;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. Pursuant to 28 U.S.C. § 1715(d), the Court's final Order is to be deemed effective on August 13, 2009 – i.e., 90 days from the date that the notices required by the Class Action Fairness Act were served upon the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b) – unless the Court is made aware that a state or federal official has objected to the

Proposed Settlement before that date.

2. The Court confirms its certification in the Certification of Settlement Class and Preliminary Approval Order of this Action as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as all persons, other than those who filed a request for exclusion, with addresses in the United States of America, except the State of Florida, who received a message left by Defendant on a telephone answering device which message failed to meaningfully identify the Defendant as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of the Preliminary Approval Order; and

    (b) defines the "Settlement Class Claims" as those claims arising from messages left by Defendant for Settlement Class members on telephone answering devices which messages failed to meaningfully identify the Defendant as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

3. The Court declares that the notice to the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

4. The Court declares that the terms of the settlement, as set forth in the Stipulation, are fair, reasonable and adequate.

    (a) The Court approves the disbursement of the cy pres payment as provided for in the Stipulation to the following charitable institution, Lions Clubs International

5. The Court approves the award of attorneys' fees and costs to Settlement Class co-counsel as provided for in the Stipulation and declares such fees and costs to be fair and reasonable.

6. The parties are directed to implement the settlement in accordance with the Stipulation.

7. In accordance with the Agreement:

   (a) "Released Parties" means Defendant and Defendant's successors, predecessors, assignees, and current and former officers, directors, shareholders, and employees;

   (b) as of the "Effective Date" (as defined in the Agreement), each member of the Settlement Class is deemed to release and forever discharge the Released Parties from the Settlement Class Claims; and

   (c) as of the "Effective Date" (as defined in the Agreement), each Settlement Class Representative is deemed to release and forever discharge the Released Parties from all causes of action, controversies, actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA and liabilities of any kind whatsoever in law or equity, arising out of the Stipulation or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date the Agreement was signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not.

8. Defendant, Client Services, Inc., is permanently enjoined as follows:

   (a) All telephone voice messages left by Defendant for consumers on telephone answering devices will meaningfully identify the Defendant as the caller, state the purpose or nature of the communication, and disclose that the communication is from a debt collector;

   (b) In accordance with Fed. R. Civ. P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

   (c) In any proceeding seeking relief based on Defendant's violation of this injunction, Defendant may not be held in violation if Defendant "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

9. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Agreement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

**IT IS SO ORDERED.**

Entered:

_____
HONORABLE LEONARD D. WEXLER
Judge, United States District Court

Dated: Central Islip, NY
8/25/09